# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SEAN A. BRUCE, et al., | ) | CASE NO. 5:21-cv-1206 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **DEFAULT JUDGMENT ORDER** |
| | ) | |
| ISLAMIC REPUBLIC OF IRAN, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiffs' motion (Doc. No. 20), filed pursuant to Fed. R. Civ. P. 55(b)(2), for a default judgment on liability against defendant, Islamic Republic of Iran ("Iran") and for an award of compensatory damages for each plaintiff consistent with the evidence submitted in support of the motion. For the reasons set forth below, the motion is granted.

This action was brought by plaintiffs Sean A. Bruce ("Bruce"), Darrel L. Franklin ("Franklin"), Ronald L. Jones ("Jones"), and Alfred L. Knight ("Knight"), under 28 U.S.C. § 1605A, the so-called "terrorism exception" contained in the Foreign Sovereign Immunities Act of 1976 ("FSIA"), to recover damages for injuries they sustained as U.S. Marines related to the October 23, 1983, suicide bombing attack on the U.S. Marine Headquarters in Beirut, Lebanon ("the Beirut barracks bombing").

Defendant Iran is in default, and that default has been noted by the Clerk of Court. *See* Doc. 16. However, a default judgment does not automatically follow. Pursuant to 28 U.S.C. § 1608(e), "[n]o judgment by default shall be entered by a court of the United States . . . against a

foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court[.]"

This Court has previously thoroughly analyzed the underlying substantive issues regarding whether default judgment is appropriate for claims raised by victims of the Beirut barracks bombing. *See Spaulding v. Islamic Republic of Iran*, No. 5:16-cv-1748, 2018 WL 3235556, at *1 (N.D. Ohio July 2, 2018). In *Spaulding*, this Court took judicial notice of the testimony offered in a related matter, *Peterson v. Islamic Republic of Iran*, 264 F. Supp. 2d 46 (D.D.C. 2003). In *Spaulding*, this Court made extensive findings of fact based upon the testimony in *Peterson.* *Spaulding*, 2018 WL 3235556, at *4–8. This Court now adopts and incorporates those facts herein. *See also Dorsey v. Islamic Republic of Iran*, No. 5:18-cv-2636 (N.D. Ohio, filed Mar. 27, 2020); *Deffely v. Islamic Republic of Iran*, No. 3:20-cv-235 (N.D. Ohio, filed May 24, 2021) (both adopting the *Spaulding* analysis).

Based upon the adoption and incorporation of those facts, the Court finds it has both subject matter jurisdiction and personal jurisdiction over Iran under the FSIA, 28 U.S.C. §§ 1602–1611, and, in particular, under the exception to foreign sovereign immunity known as the "terrorism exception." 28 U.S.C. § 1605A.

Under that exception, "[a] foreign state that is or was a state sponsor of terrorism[,]" is liable to plaintiffs, each of whom is "a national of the United States[]" and "a member of the armed forces[,]" for their injuries "that [were] caused by an . . . extrajudicial killing . . . or the provision

of material support or resources for such an act . . . engaged in by an . . . agent of such foreign state while acting within the scope of his or her . . . agency.” 28 U.S.C. § 1605A(a)(1), (2); (c).

Under § 1605A(h)(6), “state sponsor of terrorism” means:

> a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)), section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371), section 40 of the Arms Export Control Act (22 U.S.C. 2780), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism[.]

Since January 19, 1984, the Islamic Republic of Iran has been designated by the Secretary of State to be a state sponsor of terrorism. *See* https://www.state.gov/j/ct/list/c14151.htm (last visited May 11, 2023).

The term “extrajudicial killing” has “the meaning given [it] in section 3 of the Torture Victim Protection Act of 1991 (28 U.S.C. 1350 note)[,]” 28 U.S.C. § 1605A(h)(7), that is, “a deliberated killing not authorized by a previous judgment pronounced by a regularly constituted court affording all the judicial guarantees which are recognized as indispensable by civilized peoples.” 28 U.S.C. § 1350 note (quoting Pub.L. 102-256, 106 Stat. 73). The Beirut barracks bombing was an extrajudicial killing carried out by an agent or agents of Iran, a state sponsor of terrorism, which resulted in injuries to each of the plaintiffs for which Iran is liable.

Damages available under FSIA “include economic damages, solatium, pain and suffering, and punitive damages.” 28 U.S.C. § 1605A(c). “In any such [private right of action under the

'terrorism exception'], a foreign state shall be vicariously liable for the acts of its officials, employees, or agents." *Id*. "Upon obtaining a default judgment, successful plaintiffs may recover damages by proving . . . the amount of damages by a reasonable estimate." *Fraenkel v. Islamic Republic of Iran*, 892 F.3d 348, 353 (D.C. Cir. 2018) (internal quotation and citation omitted). "[T]he FSIA leaves it to the court to determine precisely how much and what kinds of evidence the plaintiff must provide, requiring only that it be satisfactory to the court." *Han Kim v. Democratic People's Republic of Korea*, 774 F.3d 1044, 1047 (D.C. Cir. 2014) (internal quotation marks omitted). In a default context, a plaintiff need not submit "more or different evidence than [a court] would ordinarily receive; indeed, the quantum and quality of evidence that might satisfy a court can be less than that normally required." *Owens v. Republic of Sudan*, 864 F.3d 751, 785 (D.C. Cir. 2017) (quotation marks and citations omitted), *vacated and remanded on other grounds sub nom. Opati v. Republic of Sudan*, – U.S. –, 140 S. Ct. 1601, 206 L. Ed. 2d 904 (2020). Further, "[b]ecause Iran has presented no defense, the Court will accept as true the plaintiff's uncontroverted evidence." *Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 100 (D.D.C. 2000).

In support of their individual claims for damages, each plaintiff has submitted his personal sworn declaration and authenticated medical records outlining his service, the circumstances surrounding his own involvement in the Beruit barracks bombing, and the injuries he sustained as a direct and proximate result of that incident. *See* Doc. No. 20-1, Declaration of Sean A. Bruce;

Doc. No. 20-2, Declaration of Darrel L. Franklin; Doc. No. 20-3, Declaration of Ronald L. Jones; and Doc. No. 20-4, Declaration of Alfred L. Knight. The Court credits the facts in each of these declarations, sworn to under penalty of perjury, finding no reason to doubt their veracity and there being no challenge raised by the defendant.

In addition to these personal declarations, each plaintiff has also submitted a declaration and authenticated report by Dr. Stan V. Smith, Ph.D of the Smith Economics Group, Ltd. *See* Doc. Nos. 20-5 through 20-8. Dr. Smith was engaged as an expert witness to calculate damages for each individual plaintiff. His credentials as a respected economist are evidenced by his CV, which is contained in each of his reports. Dr. Smith reported his professional opinions and conclusions as to the damages suffered by each plaintiff within a reasonable degree of economic certainty.

The Court credits the reports of Dr. Smith as admissible under Fed. R. Evid. 702 & 703 and accepts his opinions and conclusions that the respective plaintiffs' economic losses directly resulting from the Beirut barracks bombing are:

- for plaintiff Sean A. Bruce—$20,486,478.00 (including the loss of wages and benefits of $3,608,469; the loss of household/family housekeeping and home management services of $497,621; the loss of enjoyment of life of $5,717,681; and pain and suffering damages of $10,662,707) [Doc. No. 20-5, at 12];

- for plaintiff Darrel L. Franklin—$18,830,646.00 (including the loss of wages and benefits of $1,947,388; the loss of enjoyment of life of $6,220,551; and pain and suffering damages of $10,662,707 [Doc. No. 20-6, at 10];

- for plaintiff Ronald L. Jones—$18,181,515.00 (including the loss of wages and benefits of $1,501,815; the loss of enjoyment of life of $6,016,993; and pain and suffering damages of $10,662,707) [Doc. No. 20-7, at 9]; and,

- for plaintiff Alfred L. Knight—$17,670,699.00 (including the loss of wages and benefits of $2,508,481; the loss of enjoyment of life of $4,499,511; and pain and suffering damages of $10,662,707) [Doc. No. 20-8, at 10].

Accordingly, plaintiffs' motion for default judgment and for awards of damages in favor of each plaintiff and against defendant Islamic Republic of Iran is granted. A separate Judgment Entry will issue.

**IT IS SO ORDERED**.

Dated: May 19, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**